IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

MONNA RUSH, )
CHERYL GORE, )
CHRISTOPHER BANDY, )
COLLETE WORKMAN, )
DELORES DEMPSEY, )
DENISE JACKSON, )  Civil Action No.:  5:21-cv-00124
DONNA MOULDER, )
FRANKLIN RUSH, )
HANNA ORMSBEE-WALKER, )
JAMES HAYES, )
AMANDA DEMPSEY STOUT,
JOHN MILLER,
KIM BLANKENSHIP,
KIMBERLY THOMPSON,
KRISTI BREWER,
LESLIE TRIPPLETT,
MICHAEL MOULDER,
NATE WORKMAN,
RESSIE WINDON,
RICKY CONSIDINE,
ROBIN WARD,
SUSAN DEMPSEY,
TIFFANY MCHONE,
CINDY WILLIAMS,
TRAVIS OSBORNE,
WHITENY STROUD,
ANETHRA COLEMAN,
ANTHONY DALMER,
BRITTANY TURLEY,
CHAD BLAKE,
CHASITY CRAWFORD,
JESSICA DEAVER,
LEON AMOS,
NICHOLE BECK,
TAMMY HUSBAND,
ANNE MARIE RICHARDSON,
TINA MEADOWS,
TRACY TUGWELL,
WENDY JONES,
KAYLA TINCHER,

1

**MONICA ALLEN,**
**TIFFANY MCHONE,**
**KEITH FRAIZER,**
**SCOTT BREWER,**
**DYANNA FURRY,**
**MICHAEL BURNS, and,**
**MICHELLE BROWN,**

    **Plaintiffs,**

**v.**

**DAVIS-STUART, INC.,**

    **Defendant.**

## PLAINTIFFS' COMPLAINT FOR DAMAGES

**COMES NOW, Your Plaintiffs, by counsel, D. Adrian Hoosier, II, and for their Complaint for Damages, states and avers as follows'**

## JURISDICTION

1. Plaintiffs are individuals who were not correctly and/or timely paid from employer Davis-Stuart, Inc. ("DSI"). All Plaintiffs worked for DSI in the State of West Virginia, Greenbrier County and/or Mercer County, West Virginia. Plaintiffs file this claim individually as the class actions Plaintiffs were to be apart of were decertified on or about February 12, 2020 (the "*Hamilton* Class") and, more recently

2

the "*Adkins* Class". Both classes were decertified in Greenbrier County, West Virginia. *See*, Ex. A – Hamilton Order Decertifying Class.

2. The *Hamilton* Class and the *Adkins* Class alleged violations of the West Virginia Wage Payment and Collection Act ("WPCA" hereinafter). An Order of the Circuit Court of Greenbrier County, West Virginia deemed the *Hamilton* Class to be wages not subject to the WPCA but the Fair Labor Standards Act ("FLSA" hereinafter).

3. The *Hamilton* Class consisted of proposed members that worked for DSI as "House Parents". The *Adkins* Class consisted of proposed members that worked at DSI as "Child Care Workers".

4. All Plaintiffs herein worked at DSI as House Parents on or after January 8, 2015, and Child Care Workers on or after January 8, 2013.

5. Defendant DSI is a domestic corporation doing business in West Virginia.

6. Further, all actions and inactions alleged before did occur in Greenbrier County, West Virginia.

7. This case alleges FSLA violations. Thus, jurisdiction and venue are both proper in this Court.

**WPCA VIOLATION – COUNT 1**

8. Plaintiffs hereby adopt verbatim as if set forth herein each of the allegations and averments set forth in Paragraphs 1 through 7 of Plaintiffs' Complaint.

9. Plaintiffs have not been paid timely pursuant to W.Va. Code § 21-5-1 et. seq. for hours working in a specific pay period; namely January 8, 2013 – January 8, 2018 for 15-minues, each scheduled shift, based upon a requirement that each Plaintiff was required to report to work 15 minutes early for "changeover". *See*, Ex. B, Affidavit of Mark Falls. The failure to make timely full payment of paychecks dates back until January 8, 2013 or 5-years preceding the date in which the "*Adkins*" claims were filed in the Circuit Court of Greenbrier County, West Virginia.

10. Plaintiffs allege they were not paid timely in violation of the WPCA during shifts worked as a childcare workers between the dates of January 8, 2013 and January 8, 2018.

11. The Plaintiffs herein file this action pursuant to the "Savings Statute" and/or common law permitting the filing of individual actions upon decertification of a class action within one year preceding the decertification of the class action.

12. The West Virginia Wage Payment and Collection Act, W. Va. Code §§ 21-5-1, et seq., which applies to all employers regardless of size, requires that payment for an employee's service be made in

the form of actual money, or an instrument redeemable for money. It also governs the timing of wage payments to employees. The Act is separate and distinct from those laws dealing with minimum wages and maximum hours. Thus, it does not require any particular amount of wages be paid to employees — it merely governs when those payments must be made.

13. An employer that fails to timely provide an employee's final check can be held liable for not only the amount of that check, but an additional two times that amount as liquidated damages. W. Va. Code § 21-5-4(e). Moreover, plaintiffs who prevail in their claims under the Act are entitled to the costs of the action, including reasonable attorney fees. W. Va. Code § 21-5-12(b).

14. Defendant violated the act by failing to pay Plaintiffs for wages they would have been entitled to had Defendant paid Plaintiffs property by paying each Plaintiff for the wages eared 15 minutes prior to each shift in which they were required to suffer or be permitted to suffer.

15. The West Virginia Wage Payment and Collection Act (WPCA) is remedial legislation designed to protect working people and assist them in the collection of compensation wrongly withheld. *Grim v. Eastern Electric, LLC*, 767 S.E.2d 267, 234 W.Va. 557 (2014). Statutes, such as the Wage Payment and Collection Act, that are designed for remedial purposes are generally construed liberally

to benefit the intended recipients. *Shaffer v. Fort Henry Surgical Associates, Inc.*, 599 S.E.2d 876, 215 W.Va. 453 (2004). The public policy behind the Wage Payment and Collection Act's expansive definition of an "employee" is to require employers to pay the wages of working people who labor on the employer's behalf. *Legg v. Johnson, Simmerman & Broughton, L.C.*, 576 S.E.2d 532, 213 W.Va. 53 (2002). Plaintiffs of this class were employees and provided the benefits of the protections of the WPCA.

16. When concerning time worked, **a Plaintiff may prove the number of hours worked by making a reasonable estimate of those hours**. *McLaughlin*, 436 F.Supp.2d at 737-38; *see Pforr v. Food Lion, Inc.*, 851 F.2d 106, 108-09 (4th Cir. 1988)17A (emphasis added), Am. Jur. Pl. & Pr. Forms Master and Servant § 144. Plaintiff need not give exact evidence of the hours he/she worked but must present sufficient evidence to create a "just and reasonable inference" as to the amount and extent of the work performed beyond what is included in the records *McLaughlin*, 436 F.Supp.2d at 737-38; *see Pforr v. Food Lion, Inc.*, 851 F.2d 106, 108-09 (4th Cir. 1988). The burden then shifts to the defendant to "negate the inference" established by Plaintiff. *McLaughlin*, 436 F.Supp.2d at 737. "'If the employer fails to produce such evidence, the court may then award damages to the employee, **even though**

the result may be only approximate.'" *Id.* at 738 (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 688 (1946)), Whittaker v. David's Beautiful People, Inc., No. CV DKC 14-2483, 2016 WL 429963, at 11 (D. Md. Feb. 4, 2016) (emphasis added). Any **estimate or approximation of his allegedly unpaid minimum wages is sufficient to establish a basis for time worked without compensation**. *Seagram v. David's Towing & Recovery, Inc.*, 62 F. Supp. 3d 467, 473–74 (E.D. Va. 2014) (emphasis added). Here, plaintiffs can provide an estimate or approximation of weekly hours worked on dates actually worked – which should be easily ascertainable. *Williams v. Tri-County Growers, Inc.*, 747 F.2d 121, 26 Wage & Hour Cas. (BNA) 1519, 102 Lab. Cas. (CCH) P 34600, 17 Fed. R. Evid. Serv. 60 (3d Cir. 1984) (An employer, NOT THE EMPLOYEE, must know and document the number of hours, on any given day that an employee actually works) (emphasis added).

17. The WPCA must be construed liberally to entitled injured workers, like Plaintiffs, an avenue of recovery based on the estimated hours worked without compensation. The goal behind the laws the Defendant violated is to ensure citizens of the state of West Virginia are timely paid for work completed, not to allow defendants' a loop hole when the plaintiff can't provide precise hours work over the course of nearly a calendar year. *Grim v.*

*Eastern Electric, LLC*, 767 S.E.2d 267, 234 W.Va. 557 (2014). The West Virginia Wage Payment and Collection Act (WPCA) is remedial legislation designed to protect working people and assist them in the collection of compensation wrongly withheld. *Id.* Statutes, such as the Wage Payment and Collection Act, that are designed for remedial purposes are generally construed liberally to benefit the intended recipients. *Shaffer v. Fort Henry Surgical Associates, Inc.*, 599 S.E.2d 876, 215 W.Va. 453 (2004). The public policy behind the Wage Payment and Collection Act's expansive definition of an "employee" is to require employers to pay the wages of working people who labor on the employer's behalf. *Legg v. Johnson, Simmerman & Broughton, L.C.*, 576 S.E.2d 532, 213 W.Va. 53 (2002). The general rule is that if an employer requires an employee to perform a task for the employer's benefit, even if it is waiting, the time spent is considered hours worked, the key is whether the employer controls the employee during that time; even if the employer and employee agree that certain activities are not compensable, the agreement will not prevail over these general principles. *Republican Pub. Co. v. American Newspaper Guild*, 172 F.2d 943, 16 Lab. Cas. (CCH) P 65008 (1st Cir. 1949); 29 C.F.R. § 785.8. Further, unless an employee is explicitly barred from doing so, all hours worked, **even if such work is not authorized** by the employer, requires

compensation. 29 C.F.R. § 785.11 (emphasis added). 29 C.F.R. § 785.11 states "[W]ork not requested but suffered or permitted is work time. For example, an employee may voluntarily continue to work at the end of the shift. He may be a pieceworker, he may desire to finish an assigned task or he may wish to correct errors, paste work tickets, prepare time reports or other records. The reason is immaterial. The employer knows or has reason to believe that he is continuing to work and the time is working time." *Handler* v. *Thrasher,* 191, F. 2d 120 (C.A. 10, 1951); *Republican Publishing Co.* v. *American Newspaper Guild,* 172 F. 2d 943 (C.A. 1, 1949; *Kappler* v. *Republic Pictures Corp.,* 59 F. Supp. 112 (S.D. Iowa 1945), aff'd 151 F. 2d 543 (C.A. 8, 1945); 327 U.S. 757 (1946); *Hogue* v. *National Automotive Parts Ass'n.* 87 F. Supp. 816 (E.D. Mich. 1949); *Barker* v. *Georgia Power & Light Co.,* 2 W.H. Cases 486; 5 CCH Labor Cases, para. 61,095 (M.D. Ga. 1942); *Steger* v. *Beard & Stone Electric Co., Inc.,*1 W.H. Cases 593; 4 Labor Cases 60,643 (N.D. Texas, 1941)). Thus, the employer must utilize a system of accounting which ensures the employee is paid, at the very least, the required wage for the actual number of hours worked. *Id.* Here, the records are clear. Defendant failed to timely pay its employees, which is, of course, a violation of the WPCA for failure to pay the class

member/employees for all compensation earned during a specific pay period.

18. Here, a prima facie case can be made through an employee's testimony giving his or her recollection of hours worked ... [and employees' cases] are not to be dismissed nor should recovery for back pay be denied, because proof of the number of hours worked is inexact or not perfectly accurate." *Donovan*, 549 F.Supp. at 485, *Turner v. Human Genome Sci., Inc.*, 292 F. Supp. 2d 738, 748 (D. Md. 2003). An employee can make a prima facie case that he in fact performed work for which he was improperly compensated through his testimony giving his recollection of hours worked, and his case is not to be dismissed nor should recovery for back pay be denied because proof of the number of hours worked is inexact or not perfectly accurate. *Turner v. Human Genome Sci., Inc.*, 292 F. Supp. 2d 738 (D. Md. 2003). The jury may make a just and reasonable estimate of the damage based on relevant data, and render its verdict accordingly. In such circumstances 'juries are allowed to act on probable and inferential as well as (upon) direct and positive proof.' *Story Parchment Co. v. Paterson Parchment Paper Co.*, 282 U.S. 561, 564, 51 S.Ct. 250, 251, 75 L.Ed. 544; *Eastman Kodak Co. v. Southern Photo Material Co.*, 273 U.S. 377,379, 47 S.Ct. 404, 405, 71 L.Ed. 684. Any other rule would enable the wrongdoer to profit by his wrongdoing at the expense

of his victim. *Id*. It would be an inducement to make wrongdoing so effective and complete in every case as to preclude any recovery, by rendering the measure of damages uncertain. *Story Parchment Co. v. Paterson Parchment Paper Co.* at 265. Failure to apply it would mean that the more grievous the wrong done, the less likelihood there would be of a recovery. *Id*. Here, this is exactly what the class can allege and prove. It can and will prove that members of the class worked and were not timely paid.

19. The constant tendency of the courts is to find some way in which damages can be awarded where a wrong has been done. *Id*. Difficulty of ascertainment is no longer confused with right of recovery' for a proven invasion of the plaintiff's rights. *Bigelow v. RKO Radio Pictures*, 327 U.S. 251, 264–66, 66 S. Ct. 574, 580, 90 L. Ed. 652 (1946) citing *Story Parchment Co. v. Paterson Parchment Paper Co., supra*, 282 U.S. 565, 51 S.Ct. 251, 75 L.Ed. 544; and see *also Palmer v. Connecticut Railway Co.*, 311 U.S. 544, 559, 61 S.Ct. 379, 384, 85 L.Ed. 336.

20. Courts must assume that the employee has proved that he has performed work and has not been paid in accordance with the statute. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946). The damage is therefore certain. *Id*. The uncertainty lies only in the amount of damages arising from the statutory violation by the employer. *Id*. In such a case 'it would be a perversion of

11

fundamental principles of justice to deny all relief to the injured person, and thereby relieve the wrongdoer from making any amend for his acts.' *Story Parchment Co. v. Paterson Parchment Co.*, 282 U.S. 555, 563, 51 S.Ct. 248, 250, 75 L.Ed. 544 (emphasis added). It is enough under these circumstances if there is a basis for a reasonable inference as to the extent of the damages. *Eastman Kodak Co. of New York v. Southern Photo Materials Co.*, 273 U.S. 359, 377—379, 47 S.Ct. 400, 404, 405, 71 L.Ed. 684; *Palmer v. Connecticut Railway & Lighting Co.*, 311 U.S. 544, 560, 561, 61 S.Ct. 379, 384, 385, 85 L.Ed. 336; *Bigelow v. RKO Radio Pictures, Inc.*, 327 U.S. 251, 263—266, 66 S.Ct. 574, 579, 580. Here, Plaintiffs' hours worked without pay will be more than enough to establish damages.

21. WHEREFORE Plaintiffs are entitled to damages for violations of the WPCA as set for above, damages set forth in the WCPA including attorney's fees and costs.

## VIOLATION OF FLSA

22. Plaintiffs hereby adopt verbatim as if set forth herein each of the allegations and averments set forth in Paragraphs 1 through 21 of Plaintiff's' Complaint.

23. 29 U.S. Code § 216 (b) tiled "Damages; right of action; attorney's fees and costs; termination of right of action" is plead herein. Plaintiffs were each employed by DSI as "House Parents" at a date on or after January 8, 2015. To the extent the non-payment of wages is deemed overtime only Plaintiffs plea violation of the FLSA (which was determined by the Circuit Court of Greenbrier County).

24. Plaintiffs state that Defendants violated the provisions of section 206 and/or section 207 of the FLSA and, as such, shall be liable to the Plaintiffs affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Any employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages.

25. Defendants also violated 29 C.F.R. § 785.22 which states:

> If the sleeping period is interrupted by a call to duty, the interruption must be counted as hours worked. If the period is interrupted to such an extent that the employee cannot get a reasonable night's sleep, the entire period must be counted. For enforcement purposes, the Divisions have adopted the rule that if the employee cannot get at least 5 hours' sleep during the scheduled period the entire time is working time.

(See Eustice v. Federal Cartridge Corp., 66 F. Supp. 55 (D. Minn. 1946).)

26. Plaintiffs, when working as House Parents, didn't get 5 hours of interrupted sleep.

27. These are the same claims as set forth in the "*Hamilton* Class".

28. Plaintiffs state that Defendants violated the provisions of the FLSA intentionally. As such the limitation period should be three years prior to the date of the original filing date of January 8, 2018.

29. Plaintiffs state that Defendants acted with actual malice in violating the FLSA.

## DAMAGES

30. Plaintiffs adopt verbatim as if set forth herein each of the allegations and averments set forth in Paragraphs 1 through 29 of Plaintiff's' Complaint.

31. As a direct and proximate result of Defendant's actions, Plaintiff(s) is/are entitled to damages for **1)** indignity, **2)** embarrassment, **3)** humiliation and **4)** emotional distress in an amount to be determined by the jury.

32. Defendant's actions were willful, wanton and malicious and violated the WVHRA entitling Plaintiffs to **5)** attorneys' fees and **6)** cost pursuant to W. Va. Code § 5-11-13 (Or 21-5-12) and/or **7)** the decisions of the Supreme Court of Appeals of West Virginia. Defendant is strictly liable for Plaintiffs' damages. *Hanlon v.*

*Chambers,* 195 W.Va. 99, 464 S.E.2d 741 (1985). Defendants actions were in violation of the WVHRA and as such Plaintiff is entitled to **8)** "back pay or any other legal or equitable relief" and the trial court, **9)** "in its discretion, may award all or a portion of the costs of the litigation, including reasonable attorney fees and witness fees, to the complainant." W.Va. Code § 5-11-13. The Supreme Court of Appeals has interpreted "other legal or equitable relief" to include typical tort damages, including **10)** emotional distress, **11)** front pay, and **12)** punitive damages. See *Dobson v. Eastern Associated Coal Corp.*, 422 S.E.2d 494 (W. Va. 1992) (holding that recovery of typical tort damages is permitted by the statutory language and that, specifically, front pay is available); *Akers v. Cabell Huntington Hosp., Inc.*, 599 S.E.2d 769, 777 (W. Va. 2004) (holding that emotional distress damages are available under the Act); Syllabus point 4, *Haynes v. Rhone-Poulenc, Inc.*, 521 S.E.2d 331 (W. Va. 1999) (holding that punitive damages are available under the Act).

33. Defendant's actions were willful, wanton and/or grossly negligent, and, as such, Plaintiffs are entitled to punitive damages.

34. Plaintiffs are also entitled for those aforesaid **13)** damages under *Harless, supra.* As the same pertain to the public policy violations.

35. Plaintiffs are also entitled to **14-15)** pre/post-judgment interest, **16)** costs, and **17)** fees.

36. Damages for **18)** misrepresentation.

37. And all other damages which are **19)** just and foreseeable herein and/or allowed by **20)** common law or **21)** statute, or **22)** deemed proper by this Honorable Court including but not limited to **23)** pain/suffering, **24)** medical expenses, **25)** loss of enjoyment of life, **26)** damages for indignity, **27)** embarrassment, **28)** humiliation, **29)** annoyance, and **30)** inconvenience.

38. And all damages set forth in the **31)** FLSA.

## JURY TRIAL DEMANDED

Plaintiffs demand a jury trial on all issues set forth in complaint.

**MONNA RUSH,**
**CHERYL GORE,**
**CHRISTOPHER BANDY,**
**COLLETE WORKMAN,**
**DELORES DEMPSEY,**
**DENISE JACKSON,**
**DONNA MOULDER,**
**FRANKLIN RUSH,**
**HANNA ORMSBEE-WALKER,**
**JAMES HAYES,**
**AMANDA DEMPSEY STOUT,**
**JOHN MILLER,**
**KIM BLANKENSHIP,**
**KIMBERLY THOMPSON,**
**KRISTI BREWER,**
**LESLIE TRIPPLETT,**
**MICHAEL MOULDER,**

**NATE WORKMAN,**
**RESSIE WINDON,**
**RICKY CONSIDINE,**
**ROBIN WARD,**
**SUSAN DEMPSEY,**
**TIFFANY MCHONE,**
**CINDY WILLIAMS,**
**TRAVIS OSBORNE,**
**WHITENY STROUD,**
**ANETHRA COLEMAN,**
**ANTHONY DALMER,**
**BRITTANY TURLEY,**
**CHAD BLAKE,**
**CHASITY CRAWFORD,**
**JESSICA DEAVER,**
**LEON AMOS,**
**NICHOLE BECK,**
**TAMMY HUSBAND,**
**ANNE MARIE RICHARDSON,**
**TINA MEADOWS,**
**TRACY TUGWELL,**
**WENDY JONES,**
**KAYLA TINCHER,**
**MONICA ALLEN,**
**TIFFANY MCHONE,**
**KEITH FRAIZER,**
**SCOTT BREWER,**
**DYANNA FURRY,**
**MICHAEL BURNS, and,**
**MICHELLE BROWN,**

By Counsel.

*/s/ D. Adrian Hoosier, II*

D. Adrian Hoosier, II (WVSB# 10013)
HOOSIER LAW FIRM PLLC
213 Hale St., Suite 100
Charleston, WV 25301
Telephone: (681) 215-0642
Facsimile: (681) 245-6192