UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

MONNA RUSH,
CHERYL GORE,
CHRISTOPHER BANDY,
COLLETE WORKMAN,
DELORES DEMPSEY,
DENSIE JACKSON,
DONNA MOULDER,
FRANKLIN RUSH,
HANNA ORMSBEE-WALKER,
JAMES HAYES,
AMANDA DEMPSEY STOUT,
JOHN MILLER,
KIM BLANKENSHIP
KIMBERLY THOMSPON,
KRISTI BREWER,
LESLIE TRIPPLETT,
MICHAEL MOULDER,
NATE WORKMAN,
RESSIE WINDON,
RICKY CONSIDINE,
ROBIN WARD,
SUSAN DEMPSEY,
TIFFANCY MCHONE,
CINDY WILLIAMS,
TRAVIS OSBORNE,
WHITNEY STROUD,
ANETHRA COLEMAN,
ANTHONY DALMER,
BRITTANY TURLEY,
CHAD BLAKE,
CHASITY CRAWFORD,
JESSICA DEAVER,
LEON AMOS,
NICHOLE BECK,
TAMMY HUSBAND,
ANNE MARIE RICHARDSON
TINA MEADOWS,
TRACY TUGWELL,
WENDY JONES
KAYLA TINCHER,
MONICA ALLEN,

TIFFANCY MCHONE,
KEITH FRAIZER,
SCOTT BREWER,
DYANNA FURRY,
MICHAEL BURNS, and
MICHELLE BROWN

        Plaintiffs,

v.                                               CIVIL ACTION NO. 5:21-cv-00124

DAVIS-STUART, INC.,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Pending is Davis-Stuart, Inc.'s Motion to Dismiss [Doc. 9], filed March 24, 2021. The matter is ready for adjudication.

### I.

On March 11, 2021, Plaintiffs instituted this action with a two-count complaint alleging violations of the West Virginia Wage Payment and Collection Act (WVWPCA) and the Fair Labor Standards Act (FLSA) by their employer Davis-Stuart, Inc. [Doc. 1]. Pursuant to *West Virginia Code* section 21-5-1, Plaintiffs allege they have not been timely paid for shifts as "childcare workers" between the dates of January 8, 2013, and January 8, 2018. [*Id.* at 4]. Plaintiffs also allege a violation of §§ 206 and 207 of the FLSA for "house parents" who were not paid required overtime. [*Id.* at 13].

Davis-Stuart filed a Motion to Dismiss on March 24, 2021. [Doc. 9]. Davis-Stuart contends that both the WVWPCA claim and the FLSA claim should be dismissed for failure to state any claims upon which relief can be granted. [*Id.* at 2]. Davis-Stuart further contends some

WVWPCA claims should be dismissed for lack of subject matter jurisdiction inasmuch as they putatively do not "derive from a common nucleus of operative fact" as the FLSA claims. [*Id.* at 8–9 (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966))]. Finally, Davis-Stuart contends that Plaintiffs demand damages to which they are not entitled to as a matter of law. [*Id.* at 11]. For these deficiencies, Davis-Stuart asks the Court to dismiss the complaint with prejudice. [*Id.* at 12].

In their April 22, 2021, response, Plaintiffs allege they properly pled their WVWPCA claims that the child-care workers have not been timely paid. [Doc. 14 at 7–8]. Plaintiffs also reallege their FLSA claims as house parents over the non-payment of overtime wages in violation of 29 U.S.C. §§ 206 and 207 and 29 CFR § 785.22 regarding interruptions to the sleeping period. [*Id.* at 13]. Plaintiffs claim that jurisdiction is proper inasmuch as "many of the Plaintiffs worked" both as a house parent and a child-care worker. [*Id.* at 15]. Plaintiffs assert that Davis-Stuart knows which Plaintiffs worked which jobs. [*Id.* at 11]. Finally, Plaintiffs concede they may be required to clarify by amendment any damages unavailable to them under the WVWPCA and/or FLSA. [*Id.* at 15–16].

In its April 30, 2021, reply, Davis-Stuart reasserts there is no common nucleus of operative fact between Plaintiffs' WVWPCA claims and Plaintiffs' FLSA claims which would supply supplemental jurisdiction. [Doc. 15 at 3]. Davis-Stuart reasserts that Plaintiffs' pleading lacks sufficient factual allegations. [*Id.* at 5]. Further, Davis-Stuart reasserts the FLSA claims fail as no factual basis for an overtime violation exists as to each named Plaintiff or Plaintiffs generally. [*Id.* at 6].

## II.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] complaint must contain factual allegations in addition to legal conclusions. Federal Rule of Civil Procedure 8 'requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278, 288 (4th Cir. 2012) (quoting *Twombly*, 550 U.S. at 555). "Labels, conclusions, recitation of a claim's elements, and naked assertions devoid of further factual enhancement will not suffice to meet the Rule 8 pleading standard." *ACA Fin. Guar. Corp. v. City of Buena Vista*, 917 F.3d 206, 211 (4th Cir. 2019) (citing *Iqbal*, 556 U.S. at 662). Courts "need not accept a complaint's legal conclusions. . . . [S]imply reciting the cause of actions' elements and supporting them by conclusory statements does not meet the required standard." *Id.* at 212 (citing *Twombly*, 550 U.S. at 557).

Our Court of Appeals has observed as follows: "[T]o make out a plausible overtime claim, a plaintiff must provide sufficient factual allegations to support a reasonable inference that he or she worked more than forty hours in at least one workweek and that his or her employer failed to pay the requisite overtime premium for those overtime hours." *Hall v. DIRECTV, LLC*, 846 F.3d 757, 777 (4th Cir. 2017); *see also Butterfield v. Univ. Physicians & Surgeons, Inc.*, Civil Action No. 3:32-0759, 2021 WL 2078005, at *2 (S.D. W. Va. May 24, 2021). "[P]laintiffs seeking to overcome a motion to dismiss must do more than merely allege that they regularly worked in excess of forty hours per week without receiving overtime pay." *Hall*, 846 F.3d at 777. They must instead estimate "the length of [the] average workweek during the applicable period and the

average rate . . . paid, the amount of overtime wages . . . [believed to be] owed, *or any other facts* that will permit the court to find plausibility." *Id.* (italics added in *Hall*) (quoting *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 645 (9th Cir. 2014)).

With respect to the jurisdictional challenge, "[D]istrict courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. Supplemental jurisdiction extends only to a "state law claim that stems from the same common nucleus of operative facts as a federal law claim." *Rosmer v. Pfizer Inc.*, 263 F.3d 110, 116 (4th Cir. 2001) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)). A mere commonality of some facts is insufficient. *Id.*; *see also Shavitz v. Guilford Cnty. Bd. of Educ.*, 100 Fed. App'x, 146, 150 (4th Cir. 2004) (unpublished per curiam decision) (noting "federal and state claims only hav[ing] some facts in common" is insufficient for supplemental jurisdiction). Further, 28 U.S.C. § 1367 provides that courts "may decline to exercise supplemental jurisdiction." "A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009); *see also Delebreau v. Bayview Loan Servicing, LLC*, 770 F. Supp. 2d 813 (S.D. W. Va. 2011).

### III.

Upon review, the Court finds that Plaintiffs' Complaint does not contain sufficient allegations to satisfy the plausibility standard. The Complaint consists primarily of legal conclusions and citations which, without further factual explanation, are insufficient to survive Davis-Stuart's Motion to Dismiss.

In Count I, Plaintiffs allege "they were not paid timely in violation of the WPCA during shifts worked as childcare workers between the dates of January 8, 2013 and January 8, 2018." [Doc. 1 at 4]. Plaintiffs reference a 15-minute period each scheduled shift they were allegedly required to work. [*Id.*]. However, the remainder of Plaintiffs' Complaint consists of citations or legal conclusions. Although Plaintiffs recognize they may prove the number of hours worked by making a reasonable estimate, the Complaint is entirely devoid of any such estimate for each of the named Plaintiffs. [*See id.* at 6–7 (discussing necessary estimates but not providing the same)]. The Complaint invites the Court to speculate respecting which Plaintiffs assert this claim and the extent and nature of damages claimed by each Plaintiff.

Plaintiffs' FLSA claims are similarly deficient. The Complaint merely provides, "Plaintiffs were each employed by [Davis-Stuart] as 'House Parents' at a date on or after January 8, 2015. To the extent the non-payment of wages is deemed overtime only Plaintiffs plea [sic] violations of the FLSA . . . Plaintiffs, when working as House Parents, didn't get 5 hours of interrupted sleep." [Doc. 1 at 13–14]. Plaintiffs buttress their allegations by asserting Davis-Stuart acted "intentionally" and "with actual malice"; but the sum of these allegations is insufficient to state a claim for relief that is plausible on its face. [*Id.* at 14]. Mere legal conclusions are insufficient. *See, e.g.*, *ACA Fin. Guar. Corp.*, 917 F.3d at 211–12. Plaintiffs must plead specific facts stating how they allege Davis-Stuart violated the FLSA. As presently phrased, the Complaint again invites the Court to speculate respecting which Plaintiffs assert this claim and the extent and nature of damages claimed by each Plaintiff.

Plaintiffs' failure to plead facts sufficient to support their WVWCPA claim is also concerning in light of the potential jurisdictional impediments identified by Davis-Stuart. Plaintiffs attempt to meet this serious challenge by asserting that some unidentified subset of Plaintiffs allege

both FLSA claims and WVWCPA claims and, consequently, supplemental jurisdiction over all of the WVWCPA claims is proper. [Doc. 14 at 15]. This will not do. The Court is unable to evaluate the assertion without a precise inventory reciting which Plaintiffs allege which claims.

It may well be the case that one plaintiff's WVWCPA claim arises out of a common nucleus of operative facts with that same plaintiff's FLSA claims. But that is unclear from the face of the Complaint; it is likewise unclear whether the Court may exercise supplemental jurisdiction over the claims of plaintiffs only alleging WVWCPA violations. The common nucleus of operative fact requirement is not satisfied merely because all Plaintiffs are asserting their claims against the same defendant.

Moreover, Plaintiffs' Complaint seeks thirty-one different types of damages. [Doc. 1 at 14–16]. At least eight types of damages are in connection with alleged violations of the West Virginia Human Rights Act, [*id.* at 14–15], yet the Complaint does not assert any claim under the WVHRA, [*see id.* generally]. This deficiency is so evident that Plaintiffs immediately noted claims for unavailable damages "would be in error and Plaintiffs would have no issues dismissing." [Doc. 14 at 15].

It is quite troubling for Plaintiffs to dismiss this obvious substantive defect with a simple wave of the rhetorical hand: "Plaintiffs, in hindsight, could have been clearer on the specific allegations." [Doc. 14 at 4 (P. Resp.)]. The stunning lack of care that produced such open and obvious errors might even suggest the imposition of sanctions. At a minimum, however, to survive a motion to dismiss, Plaintiffs must allege facts sufficient to state a claim to relief that is plausible on its face. They have not done so. Legal conclusions alone are insufficient, even more so when the Court cannot determine from the complaint which claims each Plaintiff alleges. Offering to provide this information at a later date likewise does not defeat the motion to dismiss. [*See id.* at

11, 14 (offering to identify which Plaintiffs bring which claims "if required")]. Inasmuch as Plaintiffs' Complaint merely offers legal conclusions without sufficient factual allegations, it must be dismissed.

### IV.

Based on the foregoing discussion, the Court **GRANTS** Davis-Stuart's Motion to Dismiss [**Doc. 9**], with leave for Plaintiffs to amend their complaint on or before September 16, 2021. The Court **DISMISSES** the Complaint [**Doc. 1**] without prejudice subject to its refiling in accordance with *Federal Rule of Civil Procedure* 8.

The Clerk is directed to send a copy of this written opinion and order to counsel of record and to any unrepresented party.

ENTERED: September 2, 2021



Frank W. Volk
United States District Judge